UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
CAREANDWEAR II, INC. *d/b/a* CARE+WEAR,                   :
                                                          :         20 Civ. 8773 (PAE)
                                  Plaintiff,              :
                                                          :         OPINION & ORDER
                -v-                                       :
                                                          :
NEXCHA L.L.C.,                                            :
                                                          :
                                  Defendant.              :
                                                          :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Plaintiff, CareandWear II, Inc. d/b/a Care+Wear ("Care+Wear"), brings this motion for partial summary judgment against Nexcha L.L.C. ("Nexcha"). Care+Wear seeks to recover, on its breach of contract claim, $317,485—the sum of money it paid to Nexcha for vinyl and nitrile examination gloves it never received. For the following reasons, the Court grants Care+Wear's unopposed motion for partial summary judgment.

I. **Background**[1]

   A. **Factual Background**

Care+Wear is a healthwear solutions company based in New York. Razdan Decl. ¶ 3; AC ¶ 7. Nexcha is a limited liability medical supplies company with its principal place of business in Connecticut. Answer ¶ 2. Steven Feinstein, a Connecticut resident, is the only member of Nexcha L.L.C. *Id.* ¶¶ 2, 8.

---

[1] The following undisputed facts are derived from Care+Wear's Local Rule 56.1 Statement, Dkt. 39 ("56.1"); the declaration of Chaitenya Razdan, Dkt. 40 ("Razdan Decl."), and the exhibits attached thereto; the Amended Complaint, Dkt. 16 ("AC"); and Nexcha's Answer, Dkt. 17 ("Answer").

1

On August 3, 2020, Care+Wear and Nexcha executed a purchase order for Care+Wear's purchase of two million nitrile examination gloves from Nexcha. 56.1 ¶ 1. Care+Wear agreed to pay $260,000 for the two million gloves it contracted to purchase. *Id.* ¶ 2. That day, Care+Wear paid the agreed $260,000 to Nexcha. *Id.* ¶ 3. Nexcha promised to ship the two million gloves to Care+Wear via ground by August 6, 2020. *Id.* ¶ 4.

On August 6, 2020, Care+Wear and Nexcha executed another purchase order for 810,000 nitrile gloves and 1,750,000 vinyl gloves. *Id.* ¶ 5. Care+Wear agreed to pay $267,175 for the second purchase order. *Id.* ¶ 6. The same day, Care+Wear paid the agreed $267,175 to Nexcha. *Id.* ¶ 7. At the time the purchase order was executed, Nexcha promised that the gloves Care+Wear purchased were available immediately and that they would be shipped by August 8, 2020. *Id.* ¶ 8.

On August 6, 2020, Nexcha confirmed receipt of Care+Wear's payments for both purchase orders. *Id.* ¶ 9. But that same day, Nexcha began expressing concern that it might not be able to ship the gloves Care+Wear had purchased within the delivery schedule set forth in the purchase orders. *Id.* ¶ 10. The gloves were not shipped by August 6 or August 8, 2020, as agreed. *Id.* ¶ 11. On August 13, 2020, Care+Wear received a shipment of vinyl gloves, a week after the second agreed shipment deadline. *Id.* ¶ 12. Although the shipment was supposed to contain 1,750,000 vinyl gloves, it contained only 1,748,000 vinyl gloves. *Id.* On August 15 or 16, 2020, Nexcha told Care+Wear that, although it did not have any gloves available for immediate shipment, it expected them "this week" and would ship them to Care+Wear shortly. *Id.* ¶ 13. At that time, Care+Wear gave Nexcha until August 21, 2020 to either deliver the gloves that were outstanding under both purchase orders or issue a complete refund of Care+Wear's purchase price. *Id.* ¶ 14.

2

Nexcha never shipped Care+Wear any additional gloves. It promised to issue a complete refund for the gloves that were not delivered. *Id.* ¶ 15. On August 28, 2020, Nexcha issued a refund of $48,000 on the $365,485 balance outstanding at that time. *Id.* ¶ 16. However, Nexcha never refunded any additional money or delivered any additional gloves, leaving a balance of $317,485 that remains due to Care+Wear. *Id.*

### B.   Procedural History

On October 21, 2020, Care+Wear filed the Complaint. Dkt. 1. On November 25, 2020, Nexcha answered. Dkt. 15. On December 9, 2020, Care+Wear filed an Amended Complaint. *See* AC. On December 28, 2020, Nexcha filed an answer to the Amended Complaint. *See* Answer.

On August 10, 2021, after the close of fact discovery, Care+Wear filed a motion for partial summary judgment, with a memorandum of law, a Rule 56.1 Statement, and the declaration of Chaitenya Razdan, with exhibits attached thereto, in support. Dkts. 37–40.

On September 13, 2021, the Hon. Alison J. Nathan, to whom this case was then assigned, issued an order noting that Nexcha's opposition to the summary judgment motion had been due August 24, 2020, and that the Court would therefore deem Care+Wear's summary judgment motion unopposed. Dkt. 41. On December 10, 2021, the case was reassigned to this Court.

## II.   Discussion

### A.   Applicable Legal Standards

#### 1.   Unopposed Motions for Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the burden of proving the absence of a question of material fact. In making this

3

determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed such motion, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair & Co, Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

### 2. Breach of Contract

To establish a contract breach under New York law,[2] a plaintiff must show: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Goldberg v. Pace Univ.*, 535 F. Supp. 3d 180,

---

[2] Care+Wear treats New York law as governing, without explanation. *See* Dkt. 38 ("Mot.") at 4. Because the motion for summary judgment was unopposed, no alternative source of law has been identified. On the limited record at hand, the Court finds New York law proper to use. New York's choice-of-law rules provide that "the interpretation and validity of a contract is governed by the law of the jurisdiction which is the 'center of gravity' of the transaction." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 103 (2d Cir. 1999). The "center of gravity," in turn, is determined by considering "the places of negotiation and performance; the location of the subject matter; and the domicile or place of business of the contracting parties." *Longo v. KeyBank Nat'l Ass'n*, 357 F. Supp. 3d 263, 270 (S.D.N.Y. 2019) (quoting *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 642 N.E.2d 1065, 1068 (N.Y. 1994)). Here, Care+Wear, a New York-based company, negotiated and performed the contract in New York, making the application of New York contract law to its claim appropriate. In any event, it is doubtful that applying an alternative source of law—for example, Connecticut, where Nexcha is domiciled—would yield a different outcome. *See Gill v. Nat'l Football League*, No. 21 Civ. 1032 (PAE), 2021 WL 5087900, at *4 (S.D.N.Y. Nov. 2, 2021).

192–93 (S.D.N.Y. 2021) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004)).

### B. Application

#### 1. The Existence of an Agreement

At the threshold, the Court must determine whether a valid contract was in existence between the parties. As to this element, Care+Wear has supplied the two purchase orders on its letterhead confirming the details and payment of its two August 2020 orders for gloves.

The Uniform Commercial Code's Statute of Frauds requires that any contract for the sale of goods for the price of $500 or more be in writing. N.Y. U.C.C. § 2–201(1). Between merchants, the writing requirement is satisfied if one party sends a written confirmation of the contract and the other party does not object to the contents of the writing within 10 days. *Id.* § 2–201(2). However, even between merchants, "the burden of persuading the trier of fact that a contract was in fact made orally prior to the written confirmation is unaffected." *Id.*, Official Cmt. 3.

The two purchase orders are sufficient both to remove the bar of the Statute of Frauds and to confirm the existence of a contract between the parties. "Depending on the circumstances, written purchase orders can either create contracts on their own or can confirm existing oral or written contracts." *Navitas LLC v. Health Matters Am., Inc.*, No. 16 Civ. 699, 2018 WL 1317348, at *7 (W.D.N.Y. Mar. 14, 2018); *Kay-Bee Toys Corp. v. Winston Sports Corp.*, 625 N.Y.S.2d 208 (1995) ("[I]t is recognized in New York that purchase orders may create a binding contract." (citations omitted)). Nexcha has not disputed—neither 10 days after receiving the purchase orders nor now—that the parties reached an agreement before Care+Wear sent the purchase orders. *See Wallace Indus., Inc. v. Cont'l Coal Sales Corp.*, No. 96 Civ. 785, 1998 WL 166842, at *5 (N.D.N.Y. Apr. 7, 1998); *Atronic Int'l, GmbH v. SAI Semispecialists of Am., Inc.*,

5

No. 03 Civ. 4892 (JFB) (MLO), 2006 WL 2654827, at *5 (E.D.N.Y. Sept. 15, 2006). Further, the two purchase orders state "most if not all of the material terms, including quantity, necessary for the purchase and sale of goods. Standing alone, the purchase order indicates the existence of a contract." *Clow Water Sys. Corp. v. NAB Const. Corp./Schiavone Constr. Corp.*, 697 F. Supp. 125, 126 (E.D.N.Y. 1988); *see also Kay-Bee Toys*, 625 N.Y.S.2d at 208. Accordingly, the Court treats the two purchase orders—which each clearly state the quantity, price, and delivery date of the gloves—as evidence of the existence of valid contracts between the two parties. *See* Razdan Decl., Exs. A-1, A-2.

### 2. Performance, Breach, and Damages

The remaining elements of Care+Wear's breach of contract claim are performance, breach, and damages. Care+Wear has adduced sufficient evidence to satisfy each.

Care+Wear fully performed under the contracts by paying for the gloves the days the purchase orders were executed—August 3 and 6, 2020, respectively. Razdan Decl. ¶¶ 4–6. Nexcha breached each purchase order by failing to make delivery. As to the August 3, 2020 order of two million nitrile examination gloves, Nexcha did not deliver any of these gloves, despite promising to have them shipped by August 6, 2020. 56.1 ¶¶ 11, 12, 15. As to the August 6, 2020 order of 810,000 nitrile examination gloves and 1,750,000 vinyl gloves, Nexcha never delivered any of the nitrile gloves and shorted its delivery of vinyl gloves by 2,000 gloves, which were not delivered until a week after the agreed August 8, 2020 shipment date. Razdan Decl. ¶ 6.

Nor, despite assurances it would do so, has Nexcha refunded the balance of Care+Wear's money. Razdan Decl., Exs. A-4, A-5; 56.1 ¶ 17. Care+Wear is still owed $317,485 for gloves for which it paid, but which went undelivered. Razdan Decl. ¶¶ 10–11; 56.1 ¶ 17. Accordingly, on the basis of the summary judgment record, and on the review that is appropriate, the Court

finds that summary judgment is warranted, as Care+Wear has shown there is no material issue of fact in dispute.

### C. Remaining Claims

Care+Wear has two remaining claims on which it did not move for summary judgment: for unjust enrichment and fraudulent inducement. Having granted Care+Wear's entire demand for damages under its breach of contract claim, the Court assumes that these claims are moot. To confirm whether such is so, by January 31, 2022, Care+Wear is directed to file with the Court a letter stating whether these claims have been mooted by the resolution of the breach of contract claim, and whether, therefore, this case can be closed.

### D. Interest

Care+Wear also seeks pre- and post-judgment interest. Mot. at 6. It is entitled to both.

New York law provides for prejudgment interest in breach of contract cases at the statutory rate of nine percent per year, dating from the date when the cause of action first came into existence. *See* N.Y. C.P.L.R. §§ 5001, 5004; *Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998); *Gao v. Sidhu,* No. 11 Civ. 2711 (WHP) (JCF), 2013 WL 2896995, at *4 (S.D.N.Y. June 13, 2013); *HLT Existing Franchise Holding LLC v. Worcester Hosp. Grp. LLC*, No. 12 Civ. 8295 (PAE), 2014 WL 1813748, at *2 (S.D.N.Y. May 7, 2014), *aff'd*, 609 F. App'x 669 (2d Cir. 2015) (summary order). Such interest "shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); *Jamil v. Solar Power Inc.*, 230 F. Supp. 3d 271, 277 (S.D.N.Y.), *aff'd sub nom. Jamil v. SPI Energy Co.*, 713 F. App'x 42 (2d Cir. 2017), *as amended* (Nov. 29, 2017) (summary order).

7

On the August 3, 2020 contract, for which Care+Wear paid $260,000, Nexcha breached the agreement on August 6, 2020, the agreed upon shipment date, when it failed to ship the gloves by that date. On the August 6, 2020 contract, for which Care+Wear paid $267,175, Nexcha breached the agreement on August 8, 2020, the agreed upon shipment date, when it failed to ship the gloves by that date. On August 28, 2020, Nexcha wired $48,000 to Care+Wear. Given the ambiguity as to whether the $48,000 was meant to refund the August 3 or August 6 contract, and the two-day difference between the two breaches, the Court treats August 8, 2020 as the date from which pre-judgment interest is to accrue.

As to post-judgment interest, such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court grants summary judgment on Care+Wear's breach of contract claim, and issues judgment in the amount of $317,485, plus pre-judgment interesting dating from August 8, 2020 at a rate of 9%, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a). By January 31, 2022, Care+Wear shall file with the Court a letter explaining whether its remaining claims are mooted by the resolution of the breach of contract claim, and whether, therefore, this case can be closed.

The Court respectfully requests that the Clerk of Court close the motion pending at docket 37.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: January 25, 2022
       New York, New York